Norsworthy, Sheriff, *v.* Forrest County.*

(Division A. Jan. 24, 1927.)

[111 So. 144. No. 26169.]

Sheriffs and Constables. *Sheriff may recover fees accruing in justice's court in misdemeanor and felony cases wherein state failed (Laws 1924, chapter 207, section 2, par. [c]; Constitution 1890, section 171; Hemingway's Code, section 2230).*

Under Laws 1924, chapter 207, section 2, par. (c), sheriff may recover fees accruing in various courts of justices of the peace in misdemeanor and felony cases wherein the state failed, since under Constitution 1890, section 171, justice's court's jurisdiction

of misdemeanors is concurrent with circuit court, and sheriff, under Code 1906, section 2731 (Hemingway's Code, section 2230), is required to execute process therefrom.

*Corpus Juris-Cyc. References: Sheriffs and Constables, 35 Cyc, p. 1564, n. 90.

Appeal from circuit court of Forrest county.

Hon. R. S. Hall, Judge.

Action by H. C. Norsworthy, as sheriff, against Forrest county. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

*Earl L. Wingo,* for appellant.

The circuit court declined to allow the sum earned by appellant in the justice courts, five hundred fifty-five dollars and sixty-five cents, upon the contention that paragraph C, section 2, chapter 207, Laws of 1924, did not authorize the said allowance to appellant as sheriff of Forrest county.

It is unquestionably the duty of the sheriffs of the respective counties of Mississippi to serve criminal processes in the justice courts when directed so to do by the justice of the peace. Appellant cites section 2731, Code of 1906 (section 2230, Hemingway's Code). See also paragraph C, section 2, chapter 207, Laws of 1924.

Certainly it cannot be argued with any degree of reason or any element of merit that while the law specifically provides that the sheriff shall serve any process directed to him by any justice of the peace, he would not be entitled to his compensation and fees where the state fails in the courts of the justice of the peace. It was the intent of the legislature that appellant be paid for this kind of service. Can it be said that a criminal case tried in the justice court is not a "state case?"

Under the construction placed upon paragraph C, section 2, chapter 207, Laws of 1924, by the circuit court in this case the sheriffs of the different counties in Miss-

issippi cannot recover a penny for their services rendered in executing criminal process from the ten justice courts in state fail cases. This not only is unfair, unreasonable and unjust, but would work a hardship which was never the intent of the legislative bodies of Mississippi when this law was enacted in 1924.

*F. M. Morris,* for appellee.

The only question involved is the proper construction of paragraph C, section 2, chapter 207, Laws of 1924. If thereunder the appellant is entitled to the fees earned in the circuit court, judgment should be rendered for the appellee; but if, on the other hand, appellant is entitled to the fees earned in the justice of the peace courts of Forest county as well as the fees earned in circuit court, he is entitled to judgment against the county or to an order directing the board of supervisors to pay th same as is authorized.

We are frank in stating to the court that we have found little authority for denying the construction whir appellant contends to be present in this statute and the whole matter is amicably submitted.

McGowen, J., delivered the opinion of the court.

H. C. Norsworthy, as sheriff of Forest county, filed his petition in the circuit court, praying the allowance of fees as sheriff of that county since April 12, 1924. In his petition, briefly stated, he claimed, under section 2, paragraph (c), chapter 207, Laws of 1924, that he, as sheriff, was entitled to fees, in addition to the fees actually earned thereunder in the circuit court, amounting to five hundred fifty-eight dollars and sixty-five cents for the years from April 12, 1924, until and including December 31, 1925, being fees accruing to him in the various courts of the justices of the peace in that county in misdemeanor and felony cases in which the state failed by

the defendant being acquitted or discharged in the justice of the peace court. The lower court held that only such fees as accrued in the circuit court be allowed under the above section, and Norsworthy, the sheriff, appeals to this court from that decision.

The county attorney in his brief concedes that, upon the plain language and fair construction of the statute, he knows of no answer to the appellant's contention that he is entitled to fees in the character of cases described in the statute arising in the justice of the peace court. There was an agreed statement that the amount of such fees claimed by the sheriff was correct, and the lower court limited, as we have said before, the amount of these fees to those accruing in the circuit court.

Paragraph (c), section 2, chapter 207, Laws of 1924, is as follows:

"The sheriff's fees in state cases where the state fails in the prosecution, or in cases of felony, in which the defendant is convicted, but is unable to pay the costs, to an amount not exceeding seven hundred fifty dollars in any year, shall be paid out of the county treasury when allowed by the board of supervisors on the certificate of the clerk that the account of the sheriff for his fees has been allowed by the circuit court and entered on the minutes."

Section 171 of our Constitution is as follows:

"A competent number of justices of the peace and constables shall be chosen in each county in the manner provided by law, for each district, who shall hold their office for the term of four years. No person shall be eligible to the office of justice of the peace who shall not have resided two years in the district next preceding his selection. The jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of two hundred dollars; and they shall have jurisdiction concurrent with the circuit court over all crimes whereof the punishment prescribed does not extend beyond a fine and imprison-

ment in the county jail; but the legislature may confer
on the justices of the peace exclusive jurisdiction in such
petty misdemeanors as it shall see proper. In all causes
tried by a justice of the peace, the right of appeal shall
be secured under such rules and regulations as shall be
prescribed by law, and no justice of the peace shall pre-
side at the trial of any cause where he may be interested,
or the parties or either of them shall be connected with
him by affinity or consanguinity, except by the consent
of the justice of the peace and of the parties.''

Under this section of the Constitution, it will be ob-
served that the jurisdiction of the justices of the peace
of misdemeanors in which the punishment prescribed
does not extend beyond a fine and imprisonment in the
county jail, and that this jurisdiction is concurrent with
the circuit court, but that the legislature is authorized
to confer exclusive jurisdiction of petty misdemeanors
upon the court of a justice of the peace. The sheriff is
required by the mandate of the statute to execute process
directed to him by justices of the peace, and there is no
limitation in the statute so requiring the performance
of such duty in the justice of the peace court by the
sheriff.

Section 2731, Code of 1906 (section 2230, Hemingway's
Code), is as follows:

''The sheriff of any county, and his deputies, shall ex-
ecute any process directed to him by any justice of the
peace; but process shall not be directed to the sheriff if
there be a constable in the district duly qualified to act,
unless there be, in the opinion of the justice of the peace,
good reason therefor.''

The section of the state Constitution above quoted,
conferring concurrent jurisdiction with the circuit court
in misdemeanor cases, in our judgment renders it possi-
ble without debate for the legislature to confer upon the
justices of the peace the power to convict or acquit, and
finally dispose of that class of criminal cases which we
term misdemeanors. The language of the statute here

being construed is plain and unambiguous, and no violence is done to the intention of the lawmakers in applying it as written. The language to which we call special attention is as follows: "In state cases where the state fails in the prosecution." It requires just the same amount of work and vigilance of the sheriff to execute process, in the disposition of a case in the justice of the peace court as in any other court; the service is just as important to the state.

Recurring to the statutes upon the subject, we observe that in recent years the maximum amount which the sheriff may obtain has been greatly increased. The servant is worthy of his hire, and we think, there being no dispute about the amount that the sheriff was entitled to be allowed, the sums so earned, as shown in the agreed statement of facts, the total amount of which, for the two years, five hundred fifty-eight dollars and sixty-five cents, is the amount for which the appellant is entitled to judgment.

Reversed, and judgment here for the appellant.

*Reversed.*