GOOLSBY *v.* BOARD OF SUP'RS OF LOWNDES COUNTY.*

(Division B. April 1, 1929.)

[121 So. 277. No. 27820.]

*Loving & Loving,* for appellant.

*Lincoln & Lincoln,* for appellee.

ANDERSON, J. The appellant filed a petition against appellee in the circuit court of Lowndes county under chapter 206, Laws of 1924, Hemingway's 1927 Code, section 1946, for the allowance of fees earned by him as sheriff of said county during his term of office covering 1924 to 1927, inclusive, in criminal prosecutions in the justices of the peace courts of that county. Appellee demurred to the petition, which demurrer was sustained and appellant's petition dismissed. From that judgment appellant prosecutes this appeal.

Appellant's petition makes substantially the following allegations: That he was sheriff of Lowndes county for the four-year term including the years 1924-1927; that Lowndes county has a population of less than thirty-two thousand inhabitants and property of the assessed valuation of less than seventeen million dollars; that during his term of office he had been allowed the sum of one hundred dollars per year for lost fees in criminal prosecutions in the circuit courts; and that in addition to his lost fees in criminal prosecutions in those courts, he was entitled to the sum of four hundred eighty-nine dollars

and eighty-five cents for lost fees in criminal prosecutions in the courts of the justices of the peace of the county. There was attached to the petition an itemized statement of appellant's lost fees in criminal prosecutions in the courts of the justices of the peace for the term of his office.

The third paragraph of section 2 of chapter 206 of the Laws of 1924, Hemingway's 1927 Code, section 1946, is in this language: ''The sheriff's fees in state cases where the state fails in the prosecution, or in cases of felony in which the defendant is convicted, but is unable to pay costs, to an amount not exceeding one hundred dollars in any one year, shall be paid out of the county treasury, when allowed by the board of supervisors, on the certificate of the clerk that the account of the sheriff for his fees has been allowed by the circuit court and entered on the minutes; but in counties of not less than thirty-two thousand inhabitants, one hundred and fifty dollars may be allowed.''

The first paragraph of section 1 of chapter 207 of the Laws of 1924, Hemingway's 1927 Code, section 1995, and paragraph (c) of section 1996, follow in the order stated:

''In all counties in this state now having a population of thirty-two thousand, or over, and now having an assessed valuation of seventeen million dollars or over, and less than twenty million dollars, the sheriffs, tax assessors, clerks of the circuit court, clerks of the chancery court, and members of the board of supervisors shall receive the compensation for performing the services hereinafter set forth, as herein provided.''

''(c) The sheriff's fees in state cases where the state fails in the prosecution or in cases of felony, in which the defendant is convicted, but is unable to pay the costs, to an amount not exceeding .................$750.00 in any year, shall be paid out of the county treasury when allowed by the board of supervisors on the certificate of the clerk that the account of the sheriff for his fees has

been allowed by the circuit court and entered on the minutes.''

Appellant's position is that *Norsworthy* v. *Forrest County,* 145 Miss. 55, 111 So. 144, is controlling in his favor. The trouble about appellant's contention is that it was conceded in that case that Forrest county had more than thirty-two thousand inhabitants and an assessed valuation of more than seventeen million dollars. The only question involved and decided in that case was whether, under the last statute above set out, the sheriffs in counties of thirty-two thousand population, or over, and having an assessed valuation of seventeen million dollars, or over, and less than twenty million dollars, were entitled to their fees accruing in the various courts of the justices of the peace in their counties in misdemeanor and felony cases wherein the state had failed. The county contended in that case that the sheriff was only entitled to his lost fees in criminal prosecutions in the circuit court. The court held that the sheriff was entitled to his lost fees in criminal prosecutions in both the circuit courts and in courts of justices of the peace.

Construing the two statutes together, they mean that the sheriffs in counties of less than thirty-two thousand population and seventeen million dollars assessed valuation are entitled to their lost fees in criminal prosecutions in both the circuit courts and the courts of justices of the peace, not exceeding one hundred dollars in any one year, and where the population is thirty-two thousand or above and the assessed valuation less than seventeen million dollars they are entitled to their lost fees not exceeding one hundred fifty dollars in any one year; but where the population is thirty-two thousand or above and the assessed valuation is seventeen million dollars, or over, and less than twenty million dollars, they are entitled to such lost fees, not exceeding the sum of seven hundred fifty dollars in any one year. Plainly it appears appellant makes a case within the first class named, and

therefore the court committed no error in dismissing appellant's petition.

*Affirmed.*